The STATE ex rel. FISHER, Atty. Gen., Appellant,

v.

HARPER, Appellee.

[Cite as *State ex rel. Fisher v. Harper* (1993), 83 Ohio App.3d 754.]

Court of Appeals of Ohio,
Stark County.

No. CA–8966.

Decided April 12, 1993.

*Lee Fisher,* Attorney General, and *Thomas D. McGuire,* Assistant Attorney General, for appellant.

*Jon Christensen* and *Richard Harper,* for appellee.

---

SMART, Presiding Judge.

This is an appeal from a judgment of the Court of Common Pleas of Stark County, Ohio, that found that defendant-appellee, Richard Harper ("appellee"), was not personally liable for violations of the Ohio Consumer Sales Practices Act and the Ohio Anti–Pyramid Act, although his corporate co-defendant, Plus Gold, Inc. ("Plus Gold"), was found liable. The trial court permanently enjoined Plus Gold, its officers, partners, agents, distributors, and members from operating a referral sales program or pyramid sales program, and fined Plus Gold $100,000. At the time of hearing, Plus Gold was involved in a bankruptcy proceeding.

Appellee was a co-founder and corporate vice-president of Plus Gold. Plus Gold engaged in a network marketing plan in Ohio, out of Stark County. Plus Gold marketed its plan and sales packets by means of a videotape entitled "Plus Gold—An American Success Story." Under the Plus Gold network, participants had four options. Option number one permitted a participant to purchase membership in the network in exchange for $250. The participant would receive a certificate to purchase an item with a retail value of $35, and a coupon for $500 off the price of a cruise on a booking of two people. Option number two gave the participant membership in the network and a USA get-away package for two to three days' accommodations at various places, retail cost of $19, and the $500 coupon off the price of a cruise on a booking of two persons, all for $250. Option number three cost $750, and for the $750 the participant became a member of the network and received a catalog certificate for $100 retail and a $500 discount coupon for a cruise on the booking of two persons. Under option number four, a participant could, for $750, receive two pairs of round-trip airline tickets to twenty-two resorts and $500 cruise discount coupon on a booking of two persons. As the trial court noted, the cruise coupons are available at the cost of a national magazine or New York Times Sunday edition. Along with the membership, a participant who purchased any of the options also became a distributor of the options. When the distributor sold to a participant who automatically becomes a distributor for his purchase, the distributor received a bonus volume credit for that sale. After six sales, the original distributor received $200. After fourteen other sales, he received $400, plus an additional pay spot to begin a "second matrix." The matrixes continue to build and generate cash to the distributors. The trial court found that this constituted a pyramid sales program and a referral sales program in violation of R.C. 1345.02 and 1333.92.

The trial court found that appellee was not personally liable because all of his acts were done in furtherance of Plus Gold's business, and none were for his own benefit nor unauthorized by the defendant corporation.

Appellant assigns a single error to the trial court:

"The trial court erred to the prejudice of plaintiff-appellant in dismissing defendant Richard Harper and in failing to find defendant personally liable for consumer restitution, civil penalties and attorney fees for his violations of the Ohio Consumer Sales Practices Act and the Ohio Anti–Pyramid Sales Law."

In the recent case of *State v. Guinn* (1989), 42 Ohio St.3d 92, 537 N.E.2d 656, the Supreme Court of Ohio reviewed a criminal conviction of an individual under R.C. 1333.92. The Supreme Court cited *State v. Beckley* (1983), 5 Ohio St.3d 4, 5 OBR 66, 448 N.E.2d 1147, as recognizing the two material elements of R.C. 1333.92. *Beckley* found the two elements to be "(1) proof of some movement or act toward the execution, whether by the proposal, planning, preparation or operation, of (2) a pyramid sales plan or program." *Guinn,* 42 Ohio St.3d at 93, 537 N.E.2d at 657.

Our review of the record indicates that appellee delivered the presentation on the videotape, having co-founded and acted as an officer for Plus Gold. Although the trial court found that he did not personally benefit, as one-quarter owner of Plus Gold, he received one-quarter of all commissions that Plus Gold earned under the pyramid scheme.

The trial court concluded from all the above that nevertheless as a matter of law appellee was not liable. We do not agree. Based upon all the foregoing, we find that appellee performed sufficient acts, and received sufficient benefits, to render him liable under Ohio law.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.

*Judgment reversed*
*and cause remanded.*

GWIN and READER, JJ., concur.